**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

**UNITED STATES**

**V.**                              **4:02-cr-00094-WRW-1**

**JAMES JACKSON**

**MOTION FOR RETROACTIVE APPLICATION**

**OF**

**AMENDED SENTENCING GUIDELINES**

Comes now the Defendant, James Jackson, by his attorney, Mark Alan Jesse and for his motion and states:

1. Defendant was previously sentenced by this court after considering the Pre-Sentence Report drafted in accordance with the United States Sentencing Guidelines then in effect. He was sentenced to 84 months of imprisonment in the Bureau of Prisons with an additional period of supervised release.

2. The Guidelines were subsequently amended to address the 100 to 1 disparity between powder cocaine and crack cocaine and became effective November 1, 2007. Though the Commission has advised delay until March 3, 2008 judges do not have to wait until March 3 because in accordance with USSG 1B1.10 because USSG 1B1.10 is a policy statement and policy statements are not subject to congressional review and acquiescence. *See* 28 U.S.C. § 994(p); *Stinson v. United States*, 508 U.S. 36, 40-46 (1993).

3. The Defendant asserts he is entitled to be re-sentenced and request the court to do so in accordance with 18 U.S.C. Section 3553 and 3582.

4. 18 U.S.C. Section 3582 (c) provides:

**Modification of an Imposed Term of Imprisonment.—** The court may not modify a term of imprisonment once it has been imposed except that—

in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994 (o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553 (a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

5. The district court must consider all relevant statutory criteria in existence when a motion under Section 3582(c)(2) is filed, whether or not in existence at the time of the original sentencing. *See United States v. Mihm*, 134 F.3d 1353, 1355 (8th Cir. 1998); *United States v. Reynolds*, 111 F.3d 132 (Table) (6 Cir. 1997); *United States v. Williams,* 103 F.3d 57, 58-59 (8th Cir.1996); *Settembrino v. United States*, 125 F.Supp.2d 511, 517 (S.D. Fla. 2000). While Section 3553(b) essentially rendered Section 3553(a) a nullity at any pre-*Booker* sentencing, Section 3553(a) is now the sentencing law, as interpreted by the Supreme Court. Consideration of Section 3553(a) includes the amended guideline, the reasons for the amendment, *i.e.*, as a partial remedy to address the fact that crack guideline sentences are greater than necessary to satisfy sentencing purposes and create unwarranted disparity, USSG, App C, Amend. 706 (Nov. 1, 2007); USSC, *Report to Congress: Cocaine and Federal*

*Sentencing Policy* at 10 (May 2007), and the fact that it was made retroactive to best serve the statutory purposes of sentencing.

6. Application note 1(B) of revised USSG § 1B1.10, p.s. (Mar. 3, 2008 ed.) provides that, in determining whether a reduction is warranted at all, and the extent of such reduction, the court (i) "shall consider the factors set forth in 18 U.S.C. § 3553(a)," (ii) "shall consider the nature and seriousness of the danger to any person or the community that may be posed by a reduction in the defendant's term of imprisonment," and (iii) "may consider post-sentencing conduct of the defendant that occurred after imposition of the original term of imprisonment . . . but only within the limits described in subsection (b)." Subsection (b), in turn, states that the court "shall not" impose a term of imprisonment "that is less than the minimum of the amended guideline range," except that if the original sentence was below the guideline range, "a reduction comparably less may be appropriate."

Wherefore, Defendant prays for a re-sentencing and reconsideration of all all facts relevant to that determination.

                                  Respectfully submitted,

                                  **/s/ Mark Alan Jesse**
                                  Ar. Sup. Ct. No.: 92107
                                  Attorney for Defendant
                                  The Jesse Law Firm, P.L.C.
                                  221 West Second Street
                                  Suite 701
                                  Little Rock, AR 72201
                                  (501) 375-4422
                                  E-Mail: Jesselawfirm@aol.com

**CERTIFICATE OF SERVICE**

 I hereby certify that on 2/4/2008, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which shall send notification of such filing to the following:

 AUSA

 John.white2@usdoj.gov

 I hereby certify that on 2/4/2008, I mailed the document and a copy of the Notice of Electronic Filing (NEF) by United States Postal Service to the following non CM/ECF participants:

 /s/ MARK ALAN JESSE
AR. SUP. CT. NO.: 92017
Attorney for Defendant
The Jesse Law Firm, P.L.C.
221 West Second Street
Suite 701
Little Rock, AR 72201
(501) 375-4422
E-mail: Jesselawfirm@aol.com