IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| VS. | ) | NO.: 4:02CR00094 – 01 WRW |
| | ) | |
| JAMES JACKSON | ) | |

MOTION TO DISMISS OR IN THE ALTERNATIVE
PRECLUDE UNDISCLOSED EVIDENCE

Comes now the defendant, James Jackson, by and through his attorney, Teresa

Bloodman, and moves for dismissal of the revocation petition against Mr. Jackson based on

Brady violations.   The defendant herein, states:

1.   On or about April 21, 2009, the government filed a revocation petition against the

above named defendant.

2.   On or about May 26, 2009, the undersigned entered her appearance herein.

3.   On or about June 9, 2009, the defense filed a written motion for discovery.  In this

motion the defense requested, among other things, the production of Brady materials including

but not limited to the violation report(s), revocation petition, any and all written and verbal

complaints which comprise the allegations.

4.   On  or about June 11, 2009, the government filed a response to defendant's motion for

discovery stating that "none of the information requested by the defendant is in the custody or

control of the United States."   Prior to filing its response, the government appraised the

undersigned that the probation office possibly had the requested information concerning the

defendant's drug test.  As far as the RCA information that was requested, the government

couldn't state for certain where that information was.

5.   To date, the government has failed to produce any of the discovery requested by the defense.  Notably, the government has failed to produce the actual allegations in which the undersigned must have in order to provide effective assistance of counsel.

6.   Brady v. Maryland, 373 U.S. 83 (1963) imposes an affirmative duty on the government to produce the specifically requested evidence that is material to the accused regardless of whether it constitutes direct or impeaching evidence.  More to the point, in United States v. Bryan, 868 F.2d 1032 (9th Cir. 1989), the court held that the prosecutor will be deemed to have knowledge of and access to anything in the possession, custody, or control of any federal agency participating in the same investigation of the defendant.

7.   The government's obligation to disclose material information to the defense is a fundamental component of the guarantee that criminal defendant's receive fair revocation hearings.  Thus, we do not lightly excuse Brady violations.  Because the government's nondisclosure in this case significantly impairs defense counsel's ability to provide any degree of effective assistance, we respectfully request that this matter be dismissed.

8.   In the alternative to dismissing this matter, the defendant requests that the government be precluded, and any and all evidence excluded, from use in any fashion, at the revocation hearing scheduled for June 18, 2009.  The defendant requests that any and all undisclosed materials, documents, or witnesses, not disclosed to the defense be excluded irrespective of where the same is located or stored, or whomever holds the same.

9.   Granting of defendant's requests is mandated by Rule 16 and the progeny of case law thereunder.   The defense isn't required to escalate its own investigation to compensate for the lack of discovery provided by the government.  The duties of the government to disclose and

supplement the discoverable information cannot be compromised without the same subverting justice.

10. Denial of defendant's request will result in a manifest injustice based upon the prejudice which will be inherent by the advantages gained by the government of use of undisclosed materials, referenced herein, in the revocation hearing.  The government received full notice of the defendant's desire for discoverable information by defendant's proper and timely filing of the discovery demand.

WHEREFORE, premises considered, defendant prays that his Motion to Dismiss be granted and for all other proper and just relief.

Respectfully submitted,

_/s/Teresa Bloodman_____
Teresa Bloodman #2005055
Attorney for Defendant
P.O. Box   13641
Maumelle, AR 72113
(501) 373-8223 Office
(501) 851-1519 Facsimile
teresabloodman@yahoo.com

CERTIFICATE OF SERVICE

I, Teresa Bloodman, do hereby certify that a true and correct copy of the foregoing pleading was electronically filed, this 13TH day of June, 2009, with the Clerk of Court using the CM/ECF System, which will send notification of such filing to:

Mr. John Ray White
Assistant United States Attorney
United States Attorney's Office
P.O. Box 1229
Little Rock, AR  72203
john.white@fd.org

_/s/ Teresa Bloodman_____