IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| VS. | ) | NO.: 4:02CR00094 – 01 WRW |
| | ) | |
| JAMES JACKSON | ) | |

**BRIEF IN SUPPORT OF MOTION TO DISMISS
OR IN THE ALTERNATIVE PRECLUDE UNDISCLOSED EVIDENCE**

Comes now the defendant, James Jackson, by and through his attorney, Teresa Bloodman, and for his brief in Support of Motion to Dismiss filed herein, states:

**INTRODUCTION AND BACKGROUND**

On or about April 21, 2009, the government filed a revocation petition against the above named defendant. On or about May 26, 2009, the undersigned entered her appearance herein.

On or about June 9, 2009, the defense filed a written motion for discovery. In this motion the defense requested, among other things, the production of Brady materials including but not limited to the violation report(s), revocation petition, and any and all written and verbal complaints which comprise the allegations contained in the revocation petition.

On or about June 11, 2009, the government filed a response to defendant's motion for discovery stating that "none of the information requested by the defendant is in the custody or control of the United States." Prior to filing its response, the government appraised the undersigned that the probation office possibly had the requested information concerning the defendant's drug test. As far as the RCA information that was requested, the government couldn't state for certain where that information was.

1

To date, the government has failed to produce any of the discovery requested by the defense. Notably, the government has failed to produce the actual allegations in which the undersigned must have in order to provide effective assistance of counsel.

**STANDARD OF REVIEW**

Brady v. Maryland, 373 U.S. 83 (1963) imposes an affirmative duty on the government to produce the specifically requested evidence that is material to the accused regardless of whether it constitutes direct or impeaching evidence. More to the point, in United States v. Bryan, 868 F.2d 1032 (9th Cir. 1989), the court held that the prosecutor will be deemed to have knowledge of and access to anything in the possession, custody, or control of any federal agency participating in the same investigation of the defendant. In Bagley v. Lumpkin, 798 F.2d at 1300 (cite omitted), the court noted that its task was to consider any adverse effect that the prosecutor's failure to respond to a discovery request might have had on the preparation or presentation of the defendant's case and to assess that affect in light of the totality of the circumstances.

**THE DEFENDANT IS ENTITLED TO HAVE THE REVOCATION PETITION DISMISSED OR IN THE ALTERNATIVE UNDISCLOSE EVIDENCE PRECLUDED**

The government's obligation to disclose material information to the defense is a fundamental component of the guarantee that criminal defendants receive fair revocation hearings. Thus, we do not lightly excuse Brady violations. Because the government's nondisclosure in this case significantly impairs defense counsel's ability to provide any degree of effective assistance, we respectfully request that this matter be dismissed.

In the alternative to dismissing this matter, the defendant requests that the government be precluded, and any and all evidence excluded, from use in any fashion, at the revocation hearing scheduled for June 18, 2009. The defendant requests that any and all undisclosed materials, documents, or witnesses, not disclosed to the defense be excluded irrespective of where the same is located or stored, or whoever holds the same.

Granting of the defendant's requests is mandated by Rule 16 and the progeny of case law thereunder. The defense isn't required to escalate its own investigation to compensate for the lack of discovery provided by the government. The duty of the government to disclose and supplement the discoverable information cannot be compromised without the same subverting justice.

Denial of defendant's request will result in a manifest injustice based upon the prejudice which will be inherent by the advantages gained by the government's use of undisclosed materials, referenced herein, in the revocation hearing. The government received full notice of the defendant's desire for discoverable information by defendant's proper and timely filing of the discovery demand.

**CONCLUSION**

In light of the issues raised by this motion and all other arguments, the court should dismiss this matter with prejudice. The defendant respectfully requests that this matter be scheduled for a hearing.

Respectfully submitted,

  /s/Teresa Bloodman_____
Teresa Bloodman #2005055
Attorney for Defendant
P.O. Box   13641
Maumelle, AR 72113
(501) 373-8223 Office
(501) 851-1519 Facsimile
teresabloodman@yahoo.com

CERTIFICATE OF SERVICE

     I, Teresa Bloodman, do hereby certify that a true and correct copy of the foregoing pleading was electronically filed, this 13TH day of June, 2009, with the Clerk of Court using the CM/ECF System, which will send notification of such filing to:

Mr. John Ray White
Assistant United States Attorney
United States Attorney's Office
P.O. Box 1229
Little Rock, AR  72203
john.white@fd.org

  /s/Teresa Bloodman_____