IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**UNITED STATES OF AMERICA**

4:02-CR-00094-01-WRW

**JAMES JACKSON**

## ORDER

Pending are Defendant's Motion for Discovery (Doc. No. 47) and Motion to Dismiss, or in the Alternative, to Preclude Undisclosed Evidence (Doc. No. 49). The Prosecution has responded.[1]

A supervised release revocation hearing is scheduled to commence on Thursday, June 18, 2009. In the Motion to Revoke, the Prosecution alleges that Defendant has failed to refrain from the unlawful use of a controlled substance and failed to attend group counseling. In the Motion for Discovery, Defendant seeks the following:

1. All documents related to administered drug tests.
2. The methodology of the drug tests that were administered.
3. Documents or information related to the reliability of the tests.
4. Records of all testing done in the past six months.
5. The names and addresses of any other person to whom tests were administered.
6. The names, addresses, and qualifications of all person who administered the tests.
7. Copies of any notes and records the probation office has regarding Defendant.
8. Copies of any and all other exculpatory evidence.
9. A testable portion of the urine specimens.
10. Copies of Recovery Centers of Arkansas's counselor's treatment notes.
11. A list of and contact information for the people who attended the April 17, 2009 group counseling session at the Recovery Centers of Arkansas.
12. Numerous other documents, reports, sign-in sheets, files, etc.[2]

The Prosecution responded that none of the requested documents are under its "custody or control."[3] In response, Defendant file his Motion to Dismiss or to Preclude Undisclosed Evidence.

---

[1]Doc. No. 48.

[2]Doc. No. 47.

[3]Doc. No. 28.

Defendant asserts that the Motion to Revoke should be dismissed because the Prosecution has "failed to produce any of the discovery requested by the defense." Defendant contends that he asked for "the production of <u>Brady</u> materials including but not limited to the violation report(s), revocation petition, and any and all written and verbal complaints which comprise the allegations contained in the revocation petition." Defendant also asserts that if the Prosecution does not turn over the documents requested under Rule 16, the Prosecution should be prevented from using them at the revocation hearing.

All of the discovery requested by Defendant appears to be in the custody of a third party, and the Prosecution has asserted that the documents are not under its "custody or control." Defendant has cited, and I can find, no authority to support his position that <u>Brady</u> applies to revocation proceedings -- in fact, the case law is to the contrary. Additionally, since Rule 16 requires that the requested discovery be in the "government's possession, custody, or control,"[4] and the requested documents are not in the custody or control of the Government, Defendant's request is DENIED.

## CONCLUSION

Based on the findings of fact and conclusions of law above, Defendant's Motion for Discovery (Doc. No. 47) and Motion to Dismiss, or in the Alternative, to Preclude Undisclosed Evidence (Doc. No. 49) are DENIED.

IT IS SO ORDERED this 16th day of June, 2009.

/s/ Wm. R. Wilson, Jr._____
UNITED STATES DISTRICT JUDGE

---

[4] Fed. R. Crim. P. 16(a)(1)(B)(i).

2